**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANCISO JAVIER GUTIERREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2593-D** |
| | ) | |
| **WARDEN, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**REPORT AND RECOMMENDATION**

Petitioner Francisco Javier Gutierrez, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 7,[3] and Petitioner replied. Doc. 12. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 7, at 1.

For the reasons below, the undersigned recommends the Court grant the habeas petition and order Respondents to release Petitioner under an appropriate order of supervision. In the alternative, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with a constitutionally adequate bond hearing.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 1996. Doc. 7, at 1. Petitioner applied for legal status several times but was denied. *Id.* Ex. 2, at 2. The Department of Homeland Security placed him in removal proceedings on April 25, 2006. *Id.* Neither party provided information on the course or outcome of those proceedings. Petitioner was not ordered removed or placed under monitoring conditions. Doc. 1, at 8.

Petitioner states that on July 18, 2026, Texas state law enforcement officers arrested Petitioner for driving while intoxicated. *Id.* at 7. He maintains that the next day, Immigration and Customs Enforcement (ICE) took him into custody, first in Dallas, and then to the Diamondback Correctional Facility. *Id.*[4] He states he has not received (or requested) a bond hearing and was never

[4] According to Respondents, they encountered Petitioner on July 19, 2026, but did not transfer him to ICE custody until July 21, 2026. Doc. 7, at 1-2.

served a warrant. *Id.* He maintains he worked and lived in the same metropolitan area for thirty years and worked for the same employer, paid taxes, and never failed to appear for any ICE appointments. *Id.* at 6-8.

Petitioner argues that (1) § 1226 governs his detention and that Respondents failed to comply with the statute when they detained him without a warrant; and (2) Respondents violated § 1357(a)(2). Doc. 1, at 8-11. He requests (1) an order requiring Respondents to show why the writ should not be granted, (2) an order requiring Respondents to file a return certifying the true cause of Petitioner's detention as required by 28 U.S.C. § 2243; (3) an order requiring Respondents to produce, with the return, the following records relating to Petitioner's arrest and detention: (i) any Form I-200 (Warrant for Arrest of Alien) or other warrant, together with the identity of the officer who issued it, the statutory and regulatory source of that officer's authority to issue it, and the date and time both of its issuance and of its service on Petitioner; (ii) Form I-862 (Notice to Appear); (iii) Form I-286 (Notice of Custody Determination); and (iv) the complete Form I-213 (Record of Deportable/Inadmissible Alien), including the identity of the arresting officers[5]; (4) the grant of the writ and an order requiring Petitioner's immediate

5 Respondents appended some of these documents to their Response, Doc. 7.

release from custody; (5) an order enjoining Respondents from transferring Petitioner outside the jurisdiction of this Court pending resolution of this petition[6]; and (7) any such other relief as the Court deems just and proper. *Id.* at 12-13.[7]

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. 8 U.S.C. § 1226 applies to Petitioner.

The parties agree that 8 U.S.C. § 1226 applies to Petitioner. Doc. 1, at 3;

---

[6] The Court addressed this request in part in its Order for Response, Doc. 5.

[7] Petitioner further requests attorney's fees. Petitioner's counsel may file a request for fees at the conclusion of this matter.

Doc. 7, at 3 (each citing *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

**B. Respondents arrested Petitioner without a warrant, and the appropriate remedy is release.**

Petitioner claims that Respondents arrested him without a warrant in violation of the Immigration and Nationality Act (INA). Doc. 1, at 6-11. Respondents have produced an arrest warrant dated July 21, 2026, the date they alleged they took Petitioner into custody, and claim that "Respondents issued and served Petitioner with a warrant upon Petitioner's transfer into ICE custody." Doc. 7, at 3. Petitioner points out that Respondents admit encountering him on July 19, 2026, two days before the warrant was allegedly issued, and maintains that Respondents "assumed authority" over him on that date. Doc. 7, Ex. 2; Doc. 12, at 3.

"The INA [ ] provides that DHS may arrest and detain" noncitizens who are placed in § 1226(a) deportation proceedings "pending a decision on whether [they are] to be removed from the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 U.S.C. § 1226(a)). DHS may detain a noncitizen "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed, . . . under the authority of

Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1); *see also* 8 U.S.C. § 1226 ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").

The warrant must be issued before the noncitizen's arrest. *See* § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the [noncitizen's] arrest." (quoting § 1226(a))); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (explaining that § 1226 "is not even triggered unless an arrest warrant is issued," and "the subsequent provisions giving the Attorney General discretion to detain or release the arrested [noncitizen] are likewise not triggered" unless the noncitizen has "been arrested on a warrant") (internal quotation marks omitted).

Without a warrant, federal immigration officers "have more limited authority" to arrest a noncitizen. *Arizona v. United States*, 567 U.S. 387, 408 (2012). In such circumstances, federal immigration officers "may arrest [a non-citizen] for being 'in the United States in violation of any immigration law or regulation' . . . only where the [non-citizen] 'is likely to escape before a warrant can be obtained.'" *Id.* (quoting 8 U.S.C. § 1357(a)(2)) (alteration in original omitted). For an interior arrest under § 1357(a)(2), an immigration officer must have reason to believe that the noncitizen is in the United States in violation

of immigration law and is likely to escape before a warrant can be obtained. 8 U.S.C. § 1357(a)(2); *accord* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). Here, Petitioner was in a city jail when ICE encountered him, precluding an escape into the city where Petitioner resided for nearly thirty years.

Following a warrantless arrest, the noncitizen must be taken without unnecessary delay for examination by an authorized immigration officer. 8 U.S.C. § 1357(a)(2). Under 8 C.F.R. § 287.3(d), the custody and charging determinations generally must be made within 48 hours, subject to the regulation's exception for an emergency or other extraordinary circumstance. Respondents hang their hat on the issuance of a warrant on July 21, 2026. Doc. 7, at 4. But, as Petitioner points out, § 287.3 does *not* apply to § 1226, which requires a warrant. Doc. 12, at 4.

The I-213 records state that at 5:37 a.m. on July 21, 2026, Petitioner was transferred to the Dallas ICE office for processing. "The addendum then describes the steps taken during that processing," and Petitioner states "[t]he I-200 was generated during or at the conclusion of that same processing sequence." Doc. 12, at 3. Respondents state that the warrant was issued to Petitioner at transfer. Doc. 7, at 3. However, given the hour of Petitioner's transfer, long before most officials authorized to issue an administrative

warrant report to work, the undersigned finds Respondents' narrative implausible. Moreover, if Respondents assumed authority over Petitioner on the 19th, as Petitioner claims, then even if the warrant did issue early in the morning on July 21, it would still post-date the arrest.

The Court concludes Respondents arrested Petitioner without a warrant. The government's violation of "regulations that establish procedural protections for individuals . . . may constitute per se prejudice, negating the need for the plaintiff to make any additional showing of prejudice to be entitled to relief." *Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *22 (10th Cir. Oct. 21, 2026) ("[A]n individual may be entitled to relief based solely on the government's failure to comply with regulatory procedures established to protect individuals' due process rights." (citing *Vitarelli v. Seaton*, 359 U.S. 535 (1979))). There, the court found that ICE's failure to comply with 8 C.F.R. § 241.13(i), the regulations governing revocation of release, rendered the petitioner's arrest and detention invalid, and the petitioner's ability to litigate his due process rights in a habeas petition did not cure the violation. *Abedi,* 2026 WL 3149141, at *21. The government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*

The statutory and regulatory requirements in § 1357(a) and 8 C.F.R. § 287.8(c) for warrantless arrests are similarly mandated "procedures

established to protect individuals' due process rights." *Abedi,* 2026 WL 3149141, at *22. *See also Ulysse v. Warden*, Case No. 2:26-cv-02529-SPC-KRH, 2026 WL 2936604, at *1 (M.D. Fla. Sept. 30, 2026) (finding "[t]he government violated [Petitioner's] right to due process by arresting and detaining him without a warrant"). By violating "a regulation protecting fundamental statutory or constitutional rights," Respondents violated Petitioner's due process rights. *Abedi*, 2026 WL 3149141, at *23; *see id.* at *14 ("[T]his due process violation entitled [Petitioner] to declaratory and habeas relief."). The violation "merit[s] invalidation of the challenged agency action without regard to whether the alleged violation has substantially prejudiced the complaining party." *Id.* Petitioner's arrest and detention are therefore invalid and warrant habeas relief.

Before *Abedi*, several courts in this District concluded that release is the appropriate remedy for a warrantless arrest, particularly where Petitioner has not been afforded due process. *See, e.g.*, *Nosirov v. Gantt*, No. CIV-26-1036-J, 2026 WL 2255073 (W.D. Okla. Aug. 5, 2026); *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *2 (W.D. Okla. July 15, 2026) (granting release where "[n]othing in the record indicates Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest."); *Kunner v. Grant*, No. CIV-26-229-R, Doc. No. 23, at 1, 7 (W.D. Okla. July 7, 2026) (finding that "Petitioner's immediate release is

appropriate" based on warrantless arrest claim despite having already received a bond hearing); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474 (W.D. Okla. Mar. 25, 2026) (finding that a belatedly-filed and heavily redacted warrant did not preclude release for petitioner raising warrantless arrest claim); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026); *but see Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826 (W.D. Okla. Aug. 19, 2026) (denying habeas relief for warrantless arrest claim where petitioner had already had a bond hearing). Given the Tenth Circuit's recent direction that by violating "a regulation protecting fundamental statutory or constitutional rights," Respondents violated Petitioner's due process rights, the undersigned concludes that the appropriate remedy for Petitioner's warrantless arrest is release. *Abedi*, 2026 WL 3149141, at *23.

### C. In the alternative, Petitioner is entitled to a bond hearing.

If the Court declines to grant release, Petitioner is at least entitled to a bond hearing under § 1226(a). *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Government has not provided Petitioner

with an individualized custody determination since his detention in July 2026. Doc. 1, at 7. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected.").

Thus, in the alternative, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant** Petitioner's habeas petition and **order his immediate release under an order of supervision. The undersigned also recommends that the Court order the Government to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility. The Court should further enjoin Respondents from re-detaining Petitioner absent compliance with 8 U.S.C. §§ 1226, 1357(a) and 8 C.F.R. § 287. Finally, the Court should order that Respondents cannot re-

detain Petitioner without compliance with the application regulations and statutes.

In the alternative, the undersigned recommends the Court **grant** the petition **in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE